**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15-cv-374-GCM
(3:12-cr-239-GCM-DCK-20)**

| | | |
|---|---|---|
| FRANK DESIMONE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1).

**I.     BACKGROUND**

Petitioner Frank DeSimone was one of twenty-three people named in a superseding indictment as being part of a $75 million criminal organization that was involved in investment and securities fraud, bank and mortgage fraud, wire fraud, and the distribution of illegal drugs in Charlotte and Waxhaw, North Carolina. (Crim. Case No. 3:12-cr-239-GCM-DCK-20, Doc. No. 158: Superseding Indictment). Petitioner was charged with racketeering conspiracy in violation of 18 U.S.C. § 1962(d), including acts constituting securities fraud, bank fraud, wire fraud, money laundering conspiracy, and possession with intent to distribute illegal drugs (Count One); securities fraud in violation of 15 U.S.C. § 78j(b), 78ff, and 18 U.S.C. § 2 (Count Two); wire fraud in violation of 18 U.S.C. §§ 1343, 2 (Count Four); and money laundering conspiracy involving promotion and concealment money laundering under 18 U.S.C. § 1956(a)(1)(A)(i), (B)(i) in violation of § 1956(h) (Count Five). (Id.). Petitioner served as a promoter of the

1

organization's investment fraud activities.  (Id., Doc. No. 751 at ¶ 11: PSR).

On November 26, 2013, Petitioner pleaded guilty, pursuant to a written plea agreement, to Count One and admitted to "the predicate acts of securities fraud, wire fraud, and money laundering conspiracy."  (Id., Doc. No. 415 at ¶ 1: Plea Agrmt.).  In exchange, the Government agreed to dismiss the remaining counts against Petitioner.  (Id. at ¶ 2).  As part of the plea agreement, Petitioner agreed that he understood that every provision was a material term of the plea agreement and that his failure to comply with any provision of the agreement would relieve the Government of its obligations under the plea agreement.  (Id. at ¶ 3).  Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the parties jointly recommended to the Court that the amount of loss was over $2.5 million but less than $7 million; that the base offense level for the underlying racketeering activity was 27, based on seven points under U.S.S.G. § 2B1.1(a)(1) (offenses involving fraud), eighteen points under U.S.S.G. § 2B1.1(b)(1)(I) (amount of loss), and two points under U.S.S.G. § 2S1.1(b)(2)(B) (money laundering).  (Id. at ¶ 7).  The Government agreed that Petitioner's guilty plea was timely under U.S.S.G. § 3E1.1(b).  (Id.).  The parties also agreed that they would make these recommendations as to the adjusted offense level and would "recommend no other enhancements or reductions to the Court."  (Id. at ¶ 7(e)).  Petitioner agreed to waive his right to challenge his conviction and sentence on direct appeal or in any postconviction proceeding, with the exception of claims of ineffective assistance of counsel or prosecutorial misconduct.  (Id. at ¶¶ 18-19).  At the plea hearing, Petitioner agreed that he understood the terms of the plea agreement, including the waiver of his rights to appeal or challenge his conviction or sentence.  (Id., Doc. No. 417 at 4: Acceptance and Entry of Plea).

A probation officer prepared a presentence report ("PSR"), recommending a base offense level of 25, applying U.S.S.G. § 2E1.1 (directing use of the underlying racketeering activity), §

2S1.1 (money laundering directing use of the offense level for the offense from which the laundered funds were derived), and § 2B1.1(a)(1) (providing for a base offense level of seven for offenses involving fraud and an eighteen-level enhancement for loss of more than $2.5 million but less than $7 million). (Id., Doc. No. 664 at ¶ 18). Applying the two-level specific offense characteristic under U.S.S.G. § 2S1.1(b)(2)(B) because the offense involved a conviction under 18 U.S.C. § 1956, the total offense level was 27. (Id. at ¶¶ 19; 23). Allowing a three-level reduction for acceptance of responsibility, the total offense level was calculated as 24. (Id. at ¶¶ 25-27). Given Petitioner's criminal history category of I, the advisory guidelines range was 51 to 63 months of imprisonment. (Id. at ¶¶ 37; 57).

Petitioner objected to the PSR's application of a two-level adjustment for money laundering, and he sought a variance below the advisory guidelines range. See (Id., Doc. Nos. 710; 859; 874). However, at sentencing, Petitioner's counsel withdrew his objection to the two-level adjustment for money laundering, citing the fact that this adjustment was set forth in the plea agreement. (Id., Doc. No. 966 at 4: Sent. Tr.).

This Court adopted the PSR, including the offense level determinations, and sentenced Petitioner to 51 months of imprisonment, the bottom of the applicable range. (Id. at 4-5; 22). The Court also ordered Petitioner to pay restitution of $3,363,403.80, finding that any amounts that he could not pay immediately should be made through the Federal Bureau of Prisons Inmate Financial Responsibility Program and that, upon release from imprisonment, he should pay any remaining balance in monthly installments of no less than $50 a month, with the probation officer to report any material changes to Petitioner's ability to pay to the Court. (Id. at 22-23). Petitioner did not appeal. Instead, he timely filed the present § 2255 motion on August 17, 2015. In the motion to vacate, Petitioner argues that he received ineffective assistance of counsel and

that this Court improperly delegated authority for establishing a restitution schedule to the Federal Bureau of Prisons ("BOP").

## II.   STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that Petitioner's claims can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.   DISCUSSION

### A. Petitioner's Claim of Ineffective Assistance of Counsel

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. See U.S. CONST. amend. VI. To state a claim of ineffective assistance of counsel in the context of a guilty plea, a petitioner must satisfy a two-pronged test. Strickland v. Washington, 466 U.S. 668, 686-87 (1984). First, a petitioner must show that the representation he received fell below an objective standard of reasonableness. Id. at 688. The court must be "highly deferential" of counsel's performance and must make every effort to "eliminate the distorting effects of hindsight." Id. at 689. Therefore, the court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. For the second prong, a petitioner must show that he was prejudiced by the ineffective assistance by showing "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). Moreover, to establish

prejudice based on ineffective assistance at sentencing, a petitioner must show that there is a reasonable probability that he would have received a more lenient sentence, but for counsel's deficient performance. Royal v. Taylor, 188 F.3d 239, 249 (4th Cir. 1999).

Petitioner first argues that his attorney provided ineffective assistance by not objecting at sentencing to the two-level adjustment under U.S.S.G. § 2S1.1(b)(2)(B). (Doc. No. 1 at 17). He concedes that counsel objected to the PSR on this basis, but contends that after his attorney spoke with the Government, counsel withdrew the objection at the sentencing hearing without explanation. (Id.). Petitioner argues that the adjustment did not apply to him because he was never convicted of money laundering, but only agreed to the predicate act of money laundering as part of his plea agreement. (Id. at 17-18). Petitioner cites United States v. Rosse, 320 F.3d 170 (2d Cir. 2003), and Ruiz-Sanchez v. United States, No. 3:11-cv-826, 2013 WL 4805764 (E.D. Va. Sept. 9, 2013), in arguing that his attorney did not research the issue to support an argument against the adjustment. (Id. at 19-20). Petitioner argues that he was prejudiced because there is a reasonable probability that he would have received a different sentence had his counsel not withdrawn the objection to the adjustment. (Id. at 18).

Petitioner has not established deficient performance based on counsel's withdrawal of the objection to the adjustment. Petitioner agreed to application of the adjustment as part of his plea agreement. See (Id., Doc. No. 415 at ¶ 7: Plea Agrmt.). If his attorney had maintained his objection to the application of this adjustment at sentencing, he would have risked violating the plea agreement and relieving the Government of its obligations under the plea agreement, including the dismissal of the other charges against Petitioner, as well as the Government's recommendation regarding acceptance of responsibility. See United States v. Greene, 305 F. App'x 59 (4th Cir. 2008) (noting the Government's concession that presenting evidence to

5

support an enhancement after agreeing to recommend an offense level pursuant to Rule 11(c)(1)(B) was a breach of the plea agreement). Counsel's conduct in acting in accordance with the plea agreement, which required recommending the adjustment, was objectively reasonable. See Strickland, 466 U.S. at 687-88.

Petitioner has also not shown that the application of U.S.S.G. § 2S1.1(b)(2)(B) was erroneous. Petitioner cites two, non-binding decisions—Rosse and Ruiz-Sanchez—to support his contention that the two-level adjustment under U.S.S.G. § 2S1.1(b)(2)(B) should not have applied, but neither Rosse nor Ruiz-Sanchez compels a finding of ineffective assistance of counsel in this case. First, in Rosse, the court applied a money laundering provision that has since been amended and did not specifically address U.S.S.G. § 2E1.1 cmt. n.1, which provides that each racketeering activity underlying a RICO conviction should be treated as "a separate count of conviction" when determining the offense level applicable to the underlying racketeering activity. Thus, Rosse does not compel a finding that the two-level adjustment under U.S.S.G. § 2S1.1(b)(2)(B) should not have applied to Petitioner in this case.

Next, in Ruiz-Sanchez, the defendant pleaded guilty to racketeering conspiracy under § 1962(d). Ruiz-Sanchez, 2013 WL 4805764, at *1. The defendant's base offense level was calculated using the base offense level for conspiracy to possess, produce, and transfer false identification documents. Id. at *2. The offense level was increased by nine levels because the offense involved more than 100 documents, by two levels based on having an aggravated role in the offense, and by two levels for being convicted under § 1956. Id. The defendant filed a § 2255 motion, arguing that he had received ineffective assistance of counsel based on counsel's failure to object to the two-level adjustment for money laundering, since he had not actually been convicted under § 1956. Id. Although the court in Ruiz-Sanchez ultimately found that the

adjustment should not have applied, the court held that counsel's failure to object to the adjustment was not deficient performance, stating that "application of the § 2S1.1(b)(2)(B) enhancement is not the kind of clear and indisputable error in Petitioner's PSR for which a failure to object is outside of the wide range of performance that is considered reasonable under Strickland . . . ." Id. at *5.

Here, unlike in Ruiz-Sanchez, Petitioner expressly agreed to the two-level adjustment as part of his plea agreement. Furthermore, application of the adjustment was proper under the Guidelines. This Court appropriately looked to money laundering, a predicate act that Petitioner admitted to in his plea agreement, as the underlying racketeering activity and applied the offense level for money laundering, which included the specific offense characteristic under U.S.S.G. § 2S1.1(b)(2)(B). See U.S.S.G. § 2E1.1(a)(2); § 2S1.1; § 1B1.5(b)(1) (direction to apply offense level from another guideline includes specific offense characteristics); see also U.S.S.G. § 1B1.2(c) (allowing additional offense conduct stipulated to in a plea agreement to be treated "as if the defendant had been convicted of additional count(s) charging those offense(s)"). The commentary to § 2E1.1 provides that when looking to the underlying racketeering activity, each underlying offense should be treated "as if contained in a separate count of conviction." U.S.S.G. § 2E1.1, cmt. n.1. Thus, the adjustment applies when a defendant pleads guilty to a RICO conspiracy charge, including the predicate act of money laundering. See United States v. Melgarejo, 556 F. App'x 601, 602 (9th Cir. 2014) (holding that the fact that a defendant was not convicted of money laundering under § 1957 was not relevant to whether the enhancement in § 2S1.1(b)(2)(A) applied).

Furthermore, Petitioner cannot establish prejudice based on counsel's failure to object to the adjustment because this Court overruled the same objection to the application of §

7

2S1.1(b)(2)(B) by one of Petitioner's co-defendants. See (Crim. Case No. 3:12cr239-13, Doc. No. 996 at 66: PSR Addendum, Carrie Tyson; Doc. No. 1031: Statement of Reasons, Carrie Tyson). Therefore, Petitioner cannot establish that there is a reasonable probability that he would have received a more lenient sentence had his counsel maintained this objection at sentencing. See Royal, 188 F.3d at 249.

Finally, Petitioner asserts that, even assuming that he was convicted under § 1956(h), application of the two-level enhancement was incorrect because, based on the terms of a prior plea agreement that was proffered by the Government and rejected, the underlying money laundering conspiracy was to commit an offense under § 1957. (Doc. No. 1 at 21-22). Thus, he contends that, under the rule of lenity, it is reasonable to assume that the predicate act of money laundering was an offense under § 1957, which would render U.S.S.G. § 2S1.1(b)(2)(B) inapplicable. (Id. at 22).

Petitioner's argument is premised on U.S.S.G. § 2S1.1 cmt. n.3(C), which provides that the two-level enhancement in § 2S1.1(b)(2)(B) does not apply if a defendant is convicted under § 1956(h) and the underlying object of the conspiracy was an offense under § 1957. Petitioner's argument is misplaced. In Count Five of the Superseding Indictment, Petitioner was charged with a money laundering conspiracy based on promotion and concealment under 18 U.S.C. § 1956(a)(1)(A)(i), (B)(i), not with conduct under § 1957. See (Crim Case No. 3:12-cr-239-GCM-DCK-20, Doc. No. 158: Superseding Indictment). Thus, Petitioner's rule of lenity argument is without merit. In sum, because Petitioner has shown neither deficient performance nor prejudice, his claim of ineffective assistance related to the two-level enhancement is denied. See Strickland, 466 U.S. at 687-88, 694.

Finally, Petitioner also cites what he refers to as various "snafus" by counsel, such as

8

referring to the victims as "alleged victims." (Doc. No. 1 at 23-24). However, none of these allegations rise to the level of deficient performance, and Petitioner does not allege any prejudice with respect to these alleged errors. (Id.). Accordingly, he has not shown ineffective assistance based on these allegations. See Strickland, 466 U.S. at 687-88, 694.

In sum, Petitioner's first claim is without merit.

**B. Petitioner's Claim that this Court Improperly Delegated to the BOP the Authority to Establish a Restitution Payment Schedule and the Amount of Payments**

Petitioner next argues that this Court erred by improperly delegating to the BOP the authority to establish a restitution payment schedule and the amount of payments. (Doc. No. 1 at 22-23). He contends that ordering him to make unspecified payments through the Inmate Financial Responsibility Program while he is incarcerated conflicts with United States v. Miller, 77 F.3d 71 (4th Cir. 1996) (holding that the district court should retain ultimate authority over amount and timing of payments). (Id. at 23).

Any challenge to this Court's order of restitution is waived or procedurally barred. Because Petitioner waived the right to challenge his conviction or sentence on any ground except for ineffective assistance of counsel or prosecutorial misconduct, his challenge to this Court's order is barred by the terms of his plea agreement. See United States v. Lemaster, 403 F.3d 216, 220-23 (4th Cir. 2005) (upholding voluntary waiver of right to collateral review). Additionally, it is procedurally barred because he did not challenge the order of restitution on direct appeal. See Bousley v. United States, 523 U.S. 614, 621 (1998); United States v. Morgan, 3:97-cr-2-02, 2006 WL 2460867, at *1 (W.D.N.C. Aug. 23, 2006) (unpublished) (denying a petition to vacate an order of restitution and noting that the defendant had not directly appealed the issue). Furthermore, any challenge to restitution or the execution of Petitioner's sentence is not

9

cognizable under § 2255. See Coleman v. Brooks, 133 F. App'x 51, 53 (4th Cir. 2005) (holding that a claim of improper delegation of authority to set the amount and timing of restitution payments was not a challenge to the legality of the petitioner's conviction or sentence). A challenge to restitution or the execution of a sentence must be brought under 28 U.S.C. § 2241. (Id.). Finally, even if this Court could reach the merits of this claim, Petitioner's argument fails because "[p]articipation in the Inmate Financial Responsibility Program ("IFRP") does not establish a violation of Miller." (Id.). The IFRP may properly be used to collect restitution or other debts. (Id.).

In sum, Petitioner's second claim is without merit.

IV.   **CONCLUSION**

For the foregoing reasons, the Court denies and dismisses Petitioner's § 2255 petition.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **DENIED** and **DISMISSED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: November 3, 2015

*Graham C. Mullen*
Graham C. Mullen
United States District Judge